**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **ROSEL C. HURLEY, III** ) | CASE NO 1:14CV 0039 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **CUYAHOGA COUNTY CHILDREN** ) | |
| **AND FAMILY SERVICES, et al.,** ) | |
| ) | |
| Defendants. ) | |

**Introduction**

Plaintiff Rosel C. Hurley, III filed a *pro se* civil action against defendants Cuyahoga County Children and Family Services ("CCCFS") and CCCFS employee Shaunna Slayton in the Cuyahoga County, Ohio, Court of Common Pleas on November 7, 2013.[1] *See Hurley v. Cuyahoga County Children and Family Services, et al.*, No. CV-13 818202 (Ct. Com. Pl. Cuyahoga County)(Donnelly, J.) The Complaint was removed to this Court given that plaintiff asserted violations under § 1983.

---

[1] Although Plaintiff's signature block includes the designation "Esq.," the Supreme Court of Ohio "suspended [Hurley] from the practice of law for an interim period, effective as of the date of this entry," or March 14, 2013. *In re: Rosel Charles Hurley III*, Case No. 2013-0358 (Ohio Sup. Ct.) As of March 26, 2014, he is still not registered with the Office of Attorney Services in accordance with GOV. BAR R. VI.

**Facts**

This case apparently arises out of defendants' actions regarding a child support determination. No underlying facts are provided. In his Amended Complaint, plaintiff alleges that CCCFS and Ms. Slayton violated his Fourth Amendment rights by illegally seizing his property (i.e., money), violated his due process rights by depriving him of an administrative review, and caused him emotional distress.

**Standard of Review**

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Although the plaintiff is not required to include detailed factual allegations, he must still provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. The dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim pursuant to §§ 1915A and 1915(e)(2). *Hill v. Lappin,* 630 F.3d 468, 470-71 (6th Cir. 2010)

**Discussion**

As an initial matter, defendant CCCFS is not *sui juris* as it is not an independent legal entity. For this reason, it is incapable of being sued and the Amended Complaint must be dismissed against

it. *See Wilson v. Trumbull County Dept. of Job and Family Services*, 2013 WL 5820276 (N.D.Ohio October 29, 2013)(County agencies are not *sui juris.*); *Marin v. Cleveland Clinic*, 2010 WL 359699 (N.D.Ohio Jan. 29, 2010) (Cuyahoga County Job and Family Services is not *sui juris*.)

Plaintiff alleges the defendants seized his property in violation of his right to be free from unreasonable seizures pursuant to the Fourth Amendment. To establish a Fourth Amendment violation, a plaintiff must first establish that a seizure has occurred, *i.e.* that there has been a "meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). Assuming a seizure has occurred, a plaintiff must then establish that the seizure was unreasonable. *Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 61–62 (1992). Within the Fourth Amendment, the seizure of property is *per se* unreasonable *unless* it is accomplished pursuant to a judicial warrant or judicial order. *See Farm Labor*, 308 F.3d at 543 (citing *Place*, 462 U.S. at 701). Therefore, when an official is acting pursuant to a court order, the seizure of property is presumed to be reasonable. *Soldal*, 506 U.S. at 71.

In their Answer, defendants identify the related domestic relations action involving plaintiff, his former wife, and their children. *Hurley v. Austin*, No., Cuyahoga County Court of Common Pleas, Domestic Relations Division, Case No. D–337323. An appeal of that matter makes clear that the trial court issued a decision setting child support obligations. *Hurley v. Austin*, 2013 WL 6730959 (Ohio App. 8th Dist. December 19, 2013). As such, because that court's order is the basis for the alleged seizure of plaintiff's property, there is no Fourth Amendment violation because it is presumed reasonable.

Nor does plaintiff state a claim for a due process violation. To prevail on a procedural due process claim, a plaintiff must plead and prove either that the defendants deprived him of his

-3-

property as a result of an established state procedure that itself violates due process rights, or that the defendants deprived him of property pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir 1991). Plaintiff does not raise a specific challenge to an established state procedure or statute. He alleges that defendants deprived him of an administrative review as allowed by the Ohio Revised Code. But, he does not allege that he followed the procedures set forth in that statute, that defendants committed unauthorized acts, or that the state remedies for redressing the wrong are inadequate.

Finally, plaintiff presents no support for his assertion that he "has experienced emotional distress" as a result of defendants' actions.

**Conclusion**

For the foregoing reasons, plaintiff has failed to state a claim for relief. Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 4/7/14